On Application for Rehearing.
McEnery, J.
The argument on the rehearing insists that the testimony of Marshall, not embracing the conversation between him and the accused, should not have been admitted, and that the court misconceived the defendant’s exception to the testimony. The testimony of Marshall, the subject of defendant’s exception, relates to what transpired between him and the indicted councilman prior to the conversation. In the conversation it is in evidence Marshall stated he would have to tell all he knew that passed between him, the accused and the councilmen. The suppression of what he knew was the object of the persuasion of the accused, and it is defendant’s contention that what he knew, derived from what passed be *1214 tween him and the parties named, should not have gone to the jury. The court was fully cognizant of the relation Marshall’s entire testimony bore to the charge against the accused, but that portion deemed inadmissible has had our full consideration on the rehearing.
The witness had testified that in the conversation with the accused, on the night of the 22d of June, 1894, reference was made to the rumored grand jury investigation; that Marshall was to be summoned, and the accused had asked him if he could not go away to keep from appearing as a witness. The ordinance and “bargain” were mentioned, which, in the light of the testimony, was the basis of the charge against the councilmen of soliciting a bribe for the passage of the ordinance. Further along in the conversation it appears, in answer'to the question of the accused what Marshall would have to say before the grand jury, he stated he would have to tell all he knew that passed between himself and the accused, and on being asked “in reference to what,” answered it was understood. Up to this point there had been and could be no objection by the defence. The jury had derived the information that the approaching investigation had reference to Haley and Oaulfield, the councilmen; that Marshall had knowledge of the facts on which the charges were based, and that what he knew on the subject “ and would have to tell,” it was the design of the persuasion charged on the accused to suppress. What he did know, it would seem, was pertinent to go to the jury along with the other testimony. But precisely at this point the defendant objected to the testimony. The charge against the accused was the persuasion to prevent Marshall from testifying before the grand jury — i. e., telling “what he knew.” His knowledge on the subject had been alluded to in the testimony given, and we think that the State had the right to prove “ what he knew,” in order that the jury might appreciate the significance of that testimony already received. The contention of the defence is that after the testimony had reached the verge of disclosing to the jury the knowledge of Marshall, that the disclosure should have been prevented, leaving the jury to conjectures as to a fact of importance in the case. If Marshall had no knowledge, that circumstance would have had weight in estimating the motive for the persuasion. If, on the other hand, he had the knowledge to support the indictment against the alderman, and the accused, knowing that Marshall was the important witness, attempted the persuasion “he should go away and not *1215 testify,” then Marshall’s knowledge was an essential link in the evidence of the intent and guilt of the accused.
A witness is one who is cognizant or has knowledge of the fact. Webster’s Dictionary. The indictment charged that Marshall was a witness to support the indictments against the councilmen. Marshall in testifying to that which passed between himself, the accused and the councilmen, was simply proving his knowledge of the facts on which the indictments rested, and thus the State was maintaining by testimony essential to the indictment that Marshall was a witness. In the original brief for defendants it is conceded that it was competent for the State to show Marshall was a witness in the sense he had knowledge of the facts charged in the indictments, but it is said it was irrelevant and immaterial to show how far that knowledge extended, because the statute makes no distinction between the material witness or otherwise. The concession is unavoidable, but the distinction it draws is impracticable.
Relevant testimony is that tending to show the offence and the intent, and even collateral facts may be given in evidence when of a kind to furnish the basis for the conclusion of the jury. 1 Greenleaf on Evidence, Secs. 51, 52, 448. The testimony objected to is within the rule of relevancy as it is found in the text books and applied in the administration of justice.
The defendant insists that the testimony was calculated to leave the impression on the minds of the jury that the accused was tried on the charges against the councilmen; was designed by the State to exert an improper influence and did operate to the serious prejudice of the accused. The only test this court can apply is that of relevancy. We have examined it under that test. It was offered for the purpose only for which we hold it admissible. The charge of the court restricted it to that purpose and directed the jury to consider it only for that purpose.
On the other points made on the rehearing in relation to the admission of testimony and the charge of the lower court, this court, on full consideration, adheres to the views in the original opinion.
We have also considered, with the attention it deserves, the argument in the briefs and at the bar on the question of the construction of the statutes. We are sensible courts can not, on the theory of mischief intended to be prohibited, enlarge statutes beyond the fair significance of the language employed. But we think another rule *1216 of interpretation has its application in this case, that the statute must have a construction consistent with its terms and commensurate with its manifest object. It is said our construction strikes out that part of the section that reads “ in any of the stages of the prosecution, from making the oath to obtain the arrest to the final trial, inclusive.” By this we infer is meant that the stages of the prosecution are comprehended between the making the oath to obtain the arrest and the final trial. We think the “stages” of the prosecution include the investigation by the grand jury which results in finding the bill. Hence, if the persuasion is used to prevent the witness from going before the grand jury, the investigation before that body is a stage of the prosecution in the sense of the statute. We have also covered again the contention that there is no case until the law is put in motion. By this we understand is meant that under the statute punishing an attempt to prevent any witness in a criminal case from testifying, the attempt to be within the statute must be after indictment, until which there is no case, and hence no offence. We think that if the attempt is to prevent that witness from testifying in a contemplated investigation before the grand jury, "resulting in the finding of the indictment, the offence is accomplished though the case, in its technical sense, does not exist until the indictment is found. When that occurs the case may be deemed to relate back to the initial step, the grand jury investigation. The question is one of appreciation of the statute. We have considered the authorities cited in defendant’s brief, supposed by analogy to relate to the subject. It seems to us, on the maturest consideration, the construction we adopt is supported by the statute, and certainly by the motive presumably actuating the legislator.
The rehearing is refused.